**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CRYSTAL MORELAND, ) | |
| As mother and next friend to C.H. ) | |
| A minor ) | |
| ) | No. |
|    Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| UNIVERSITY CITY SCHOOL ) | |
| DISTRICT, | |
| DERRICK COLQUITT. | |
| ABC INSURANCE COMPANY | |
| | |
|    **Defendant.** | |

## COMPLAINT

COMES NOW, Plaintiff, Crystal Moreland, as mother and next friend of C.H., a minor, by and through counsel Jonathan Savage states the following complaint:

## INTRODUCTION

1. This is a civil rights action by a minor who, while attending a Saint Louis County public school, was injured without justification by an administrator and employee.

2. On December 8th 2022, Derrick Colquitt struck, pushed, and pulled the arm and body of C.H., a sixteen old African-American student at University City High School, St. Louis County, Missouri.

3. Derrick Colquitt use of force against C.H. was a violation of her constitutional rights, as well as a violation of Saint Louis Public School District ("SLPSD") policies regarding restraint, seclusion and contact with students.

## JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Missouri has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S. Code § 1367.

6. Venue is proper pursuant to 28 U.S.C. §§130(b) and 1441(a) as this action arose in St. Louis County in the Eastern District of Missouri.

## PARTIES

7. Crystal Moreland is the mother of a minor, C.H. Crystal Moreland is an adult resident of St. Louis Missouri. Crystal Moreland brings this action on behalf of C.H. pursuant to Federal Rule of Civil Procedure 17(c).

8. C.H. is now sixteen and resides in St. Louis, MO. At the time of the acts and omissions described in this Complaint, C.H was sixteen years old.

9. During the 2022-2023 school year, including on December 8th 2022, C.H. attended University City High School, in St. Louis, MO.

10. Derrick Colquitt was, at all times relevant, an adult resident of Missouri and an employee of the St. Louis County School District, employed at University City High School. Derrick Colquitt is being sued in his individual and official capacities.

11. As of December 8th 2022, Derrick Colquitt was employed as a Coach at University City High School.

12. Saint Louis County Public School District ("the District") is a public school district in the State of Missouri within this judicial district.

13. Defendant ABC Insurance Company is the fictitious name for an unknown insurance company whose address and registered agent for service are unknown to the plaintiffs.

On information and belief, ABC Insurance Company had in full force and effect policy(ies) of insurance issued to SLPSD that provided liability coverage for the acts alleged in this complaint.

## FACTS

### *SLPSD Policy on Restraint & Seclusion*

14. At all times relevant, SLPSD maintained a "Guide to Restraint and Seclusion."

15. The Guide to Restraint and Seclusion defined "Restraint" as "A restriction that immobilizes or reduces the ability of a pupil to freely move his or her torso, arms, legs, or head. Briefly touching or holding a pupil's hand, arm, shoulder or back to calm, comfort or redirect the pupil is not deemed to be restraint."

16. The Guide to Restraint and Seclusion indicated that Restraint and Seclusion may only be used when there is a Clear Present Imminent Risk to Physical Safety and when it is the least restrictive intervention feasible.

### *Missouri Statute- Restraint and Seclusion*

17. Missouri Statute section 160.263 governs the use of seclusion and physical restraint in Missouri schools.

    a. "Physical restraint", a personal restriction such as person-to-person physical contact that immobilizes, reduces, or restricts the ability of a student to move the student's torso, arms, legs, or head freely.

### *Events of December 8th 2022*

18. While attempting to go into the boys gym C.H. was stopped by Derrick Colquitt.

19. Upon trying to leave the gym Derrick Colquitt approached C.H. near the stairway of the gym.

20. C.H. moved several times trying to avoid Derrick Colquitt but he followed her impeding her movement.

21. Derrick Colquitt began pushing C.H out of the stairway using an open hand on her upper body.

22. C.H. resisted Derrick Colquitt contact.

23. Derrick Colquitt struck C.H. several times.

24. Derrick Colquitt further restricted C.H.'s movement by placing her in a restrictive hold.

25. Derrick Colquitt grabbed C.H.'s arms causing several scratches on her body.

26. Derrick Colquitt grabbed C.H. with such force that her necklace broke.

27. Derrick Colquitt than push C.H. with such force that she flew from the stairway unto the gym.

28. Throughout the physical contact from Derrick Colquitt, C.H. continuously responded and indicated that she did not consent to be touched.

29. At no point did Derrick Colquitt attempt to deescalate the situation, including by allowing C.H. to return to the class room.

30. At all times relevant, Derrick Colquitt was carrying out duties as an employee of the St. Louis Public School District and acting within the scope of his employment.

31. As a result of Derrick Colquitt physical contact, C.H. has received medical care, incurred medical expenses, and has experienced pain, suffering, disruption of her education, loss of enjoyment of life, and other damages.

### COUNT I UNLAWFUL SEIZURE – 42 U.S.C. § 1983

32. Paragraphs 1 through 32 are re-alleged and incorporated by reference herein.

4

33. The actions of Derrick Colquitt in physically seizing and using force on C.H. in these circumstances violated C.H's constitutional rights pursuant to the Fourth Amendment to the United States Constitution to be secure in her person against unreasonable seizure.

34. At the time of the unreasonable seizure, Derrick Colquitt was acting under the color of state law.

35. The actions of Derrick Colquitt, as alleged in this Complaint, were the direct and proximate cause of the constitutional violations described above and C.H.'s injuries.

## COUNT II EXCESSIVE FORCE – 42 U.S.C. § 1983

36. Paragraphs 1 through 36 are re-alleged and incorporated by reference herein.

37. The actions of Derrick Colquitt in striking, grabbing, pushing, tackling and otherwise using force in these circumstances violated C.H.'s constitutional rights pursuant to the Fourth Amendment to the United States Constitution to be secure in her person against unreasonable seizure in the form of excessive force.

38. At the time of the use of excessive force, Derrick Colquitt was acting under the color of state law.

39. The actions of Derrick Colquitt, as alleged in this Complaint, were the direct and proximate cause of the constitutional violations described above and C.H.'s injuries.

## COUNT III BATTERY

40. Paragraphs 1 through 40 are re-alleged and incorporated by reference herein.

41. Derrick Colquitt intentionally touched C.H., causing her harm, in ways including but not limited to the following:

    a. Pushing her;

    b. Grabbing her;

    c. Hitting her;

    d. Pulling her arm;

    e. C.H. did not consent to Derrick Colquitt 's touch.

42. At the time of the acts and omissions described in the Count, Derrick Colquitt was acting as an employee of SLPSD.

43. The actions of Derrick Colquitt, as alleged in this Complaint, were the direct and proximate cause of the constitutional violations described above and C.H.'s injuries.

## COUNT IV NEGLIGENCE

44. Paragraphs 1 through 44 are re-alleged and incorporated by reference herein.

45. Derrick Colquitt was negligent in ways including, but not limited to, the following:

    a. Escalating the disciplinary situation with C.H including by failing to redirect her to a predesignated safe place, failing to contact a trusted adult and failing to deescalate the situation;

    b. Violating the standard set forth in SLPSD policies regarding Restraint and Seclusion, including by using Restraint without the presence of a clear, present and imminent risk, using Restraint when it was not the least restrictive intervention feasible; using Restraint on a student, using excessive force in restraint and failing to give adequate attention to C.H.

46. At the time of the acts and omissions described in the Count, Derrick Colquitt was acting as an employee of SLPSD.

47. The actions of Derrick Colquitt, as alleged in this Complaint, were the direct and proximate cause of the constitutional violations described above and C.H.'s injuries.

## COUNT V PUNITIVE DAMAGES

48. Paragraphs 1 through 48 are re-alleged and incorporated by reference herein.

49. On information and belief, Derrick Colquitt acted with intentional disregard and deliberate indifference of the rights of C.H.

50. Derrick Colquitt actions, taken with intentional disregard and deliberate indifference of the rights of C.H. were the direct and proximate cause of the constitutional violations described above and C.H's injuries.

## COUNT VI INDEMNIFICATION

51. Paragraphs 1 through 52 are re-alleged and incorporated by reference herein.

52. SLPSD and ABC Insurance Company are required to indemnify Derrick Colquitt pursuant to sec. 108, Stats. for any judgment entered against him because Derrick Colquitt was acting within the scope of his employment when he committed the alleged acts and omissions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Crystal Moreland, as mother and next friend of C.H., a minor, requests judgment as follows:

a) For compensatory damages in an amount to be determined at trial;

b) For the costs, disbursements, and fees incurred by the Plaintiffs in this action including reasonable attorneys' fees pursuant to 42 U.S.C. § 1983;

c) For such other and further relief as the Court finds just and equitable.

**JURY DEMAND**

The plaintiffs demand a jury trial on all issues so triable.

By:

/s/ Jonathan Savage
Jonathan Savage #69446MO
7281 Olive Blvd.
St. Louis, MO 63130
(314) 282.4284 Telephone
(314) 261.5026 Facsimile
EMAIL: savagelawgroupllc@gmail.com

ATTORNEY FOR PLAINTIFF