**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CRYSTAL MORELAND,                              )
*as mother and next friend to C.H., a minor*,  )
                                               )
    Plaintiff,                             )
                                               )
    v.                                     )          No. 4:25-cv-01788-JAR
                                               )
UNIVERSITY CITY SCHOOL                         )
DISTRICT, *et al.*,                            )
                                               )
    Defendants.                            )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to dismiss filed by University City School District ("the District") and Derrick Colquitt ("Colquitt"). ECF No. 28. For the reasons set forth below, the Court will grant Defendants' motion to dismiss.

## BACKGROUND

On December 9, 2025, Plaintiff Crystal Moreland commenced this action on behalf of her minor daughter, C.H., alleging that on December 8, 2022, Colquitt struck, pushed, and pulled the arm and body of C.H. near the entrance of the boys' gymnasium at University City High School. ECF No. 1. Plaintiff filed an Amended Complaint on May 4, 2026, which states the following claims: unlawful seizure under 42 U.S.C. § 1983 (Count I); excessive force under 42 U.S.C. § 1983 (Count II); battery (Count III); negligence (Count IV); and indemnification (Count V).[1] ECF No. 27 at 5–7.

---

[1] The indemnification claim is labeled in the Amended Complaint as "Count VI." However, because Plaintiff dropped the prior claim for punitive damages (Count V from the Amended Complaint) without renumbering the indemnification claim, it is the fifth and final pleaded claim and is treated as Count V here. ECF No. 27 at 7.

1

The Amended Complaint alleges that Colquitt's actions "were ministerial in that he acted under the school's policy, 'Guide to Restraint and Seclusion,' and Missouri Statute section 160.263. However, so unreasonable in that there was not a clear Present Imminent Risk to Physical Safety." *Id.* at 4. The Amended Complaint also maintains that Defendant ABC Insurance Company, the fictitiously-named unknown insurance company, "had in full force and effect policy(ies) of insurance issued to SLPSD that provided liability coverage for the acts alleged in this complaint." *Id.* at 2-3. The Amended Complaint states that Colquitt's actions violated C.H.'s constitutional rights and St. Louis Public School District policies. *Id.* at 1. Notably, however, the Amended Complaint does not state that the allegedly-purchased insurance provides coverage to Defendant University City School District. Defendant University City School District is a separate, independent school district from St. Louis Public School District. ECF No. 28. Defendants University City School District and Derek Colquitt move to dismiss Plaintiff's Amended Complaint. *Id*.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's well-pleaded facts must give rise to a plausible violation of constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Reciting the elements of a cause of action with supporting conclusory statements is not enough. *Iqbal* at 681. The Court is required to rely on its judicial experience and common sense to exercise its judgment in determining whether the facts give rise to a plausible claim for relief. *Id.* at 681–82.

A party may also challenge the Court's subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For such motions, the Court is entitled to look outside the pleadings in considering whether to dismiss, *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980), and the

2

Plaintiff bears the burden of proof to show that subject matter jurisdiction exists. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

## DISCUSSION

**A. Colquitt is entitled to official immunity on Plaintiff's claims for battery (Count III) and negligence (Count IV).**

Counts III and IV of Plaintiff's Amended Complaint allege claims against Colquitt for battery and negligence. This Court finds that the Complaint has failed to state a claim as to both counts. Missouri's official immunity doctrine "insulates state employees from suit in their individual capacities when liability arises from discretionary acts or omissions of a state employee." *Betts-Lucas v. Hartmann*, 87 S.W.3d 310, 327 (Mo. App. W.D. 2002). A discretionary act requires "the exercise of reason in the adaption of means to an end, and discretion in determining how or whether an act should be done or a course pursued." *Rustici v. Weidemeyer*, 673 S.W.2d 762, 769 (Mo. 1984). Ministerial duties, on the other hand, are not protected. They are duties of a clerical nature, definitely prescribed, and done without regard to one's judgment. *Woods v. Ware*, 471 S.W.3d 385, 392 (Mo. App. W.D. 2015). If public employees violate a duty mandated by their department or one imposed by a statute or regulation, their actions are not protected, and they may be found liable for official acts. *Id*.

"Official immunity does not apply, however, if the discretionary acts were done in bad faith or with malice." *Teasley v. Forler*, 548 F. Supp. 2d 694, 710 (E.D. Mo. 2008). To trigger this exception, the facts alleged must support bad faith or malice. Merely alleging an intentional tort is not enough to override official immunity. *Moore v. City of O'Fallon*, 681 S.W.3d 715, 726 (Mo. App. E.D. 2023).

3

For Count III, the battery claim, the Amended Complaint alleges that Colquitt pushed, grabbed, and struck C.H. without her consent, which directly and proximately caused injury to C.H., but it does not allege that Colquitt acted in bad faith or with malice. ECF No. 6. This alleged act was clearly discretionary rather than ministerial. *See Richardson v. City of St. Louis*, 293 S.W.3d 133, 140 (Mo. App. E.D. 2009) ("Missouri courts have routinely extended official immunity to discretionary acts even when the public official's actions were not governmental in nature."). Colquitt, employed as a coach by a Missouri public school district, is protected by official immunity, as the facts alleged do not support bad faith or malice. Plaintiff merely alleges the intentional tort of battery, but that is insufficient to support bad faith or malice. *Moore*, 681 S.W.3d at 726. The Court will accordingly grant Defendants' motion to dismiss Count III.

For Count IV, the negligence claim, Plaintiff alleges that Colquitt's conduct was ministerial and should not be covered by official immunity because Colquitt acted under St. Louis Public School District's "Guide to Restraint and Seclusion" and "Missouri Statutes section 160.263." ECF No. 27 at 4. Plaintiff's Amended Complaint fails to identify a particular part of Section 160.263 that imposed a duty on Colquitt.[2] It quotes only the statute's definition of "physical restraint," which, importantly, does not impose any specific duty. Mo. Rev. Stat. § 160.263.1(2). As such, Plaintiff does not plausibly allege that Colquitt's actions were ministerial and should not be protected by official immunity.

---

[2] The Court notes that as alleged in Plaintiff's Amended Complaint, the "Guide to Restraint and Seclusion" pertains to St. Louis Public School District, not University City School District. University City School District, which employed Colquitt and is a party here, is a separate, distinct entity. *See* the list of schools in the St. Louis Public School District, https://www.slps.org/departments/academics/earlychildhood/pre-k-admissions/our-schools. *See also* the list of schools in the University City School District, https://www.ucityschools.org/schools. The Guide therefore did not impose any duty on Colquitt. Nonetheless, Count IV fails to state a claim on other grounds, so the Court need not take judicial notice of these facts. *See Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

4

Even accepting the allegations regarding the Guide as true, it is clear that in this context, Colquitt's application of a "clear present imminent risk" standard to C.H. and use of restraint in the "least restrictive intervention feasible" are discretionary acts. ECF No. 27 at 3. These acts are discretionary because they require "determining how an act should be done or what course of action should be pursued." *Woods*, 471 S.W.3d at 392. Accordingly, based on the facts as alleged, Colquitt is shielded by official immunity as to Plaintiff's negligence claim, and the Court will grant Defendants' motion to dismiss Count IV.

**B.  Defendant University City School District is entitled to sovereign immunity on Plaintiff's claims for battery (Count III), negligence (Count IV), and indemnification (Count V).**

The allegations in Plaintiff's Amended Complaint are insufficient to show that the District waived its sovereign immunity against tort claims as to Counts III, IV, and V. The District is a state public entity, *Patterson v. Meramec Valley R-III Sch. Dist.*, 864 S.W.2d 14, 15 (Mo. App. E.D. 1993), and, as such, it may claim sovereign immunity against tort claims, including those involving negligence and intentional torts. *Aiello v. St. Louis Cmty. Coll. Dist.*, 830 S.W.2d 556, 558 (Mo. App. E.D. 1992).

Unless a state entity consents to be sued, it is protected by sovereign immunity. Mo. Rev. Stat. § 537.600(1); *see also A.F. v. Hazelwood Sch. Dist.*, 491 S.W. 3d 628, 633 (Mo. App. E.D. 2016). To establish an exception to sovereign immunity, a plaintiff suing a state entity bears the burden of pleading specific facts showing why an exception is applicable. *Hazelwood School District*, 491 S.W.3d at 633. The statutory exceptions to sovereign immunity apply to injuries arising out of negligent operation of a motor vehicle or a dangerous condition of property. Mo.

5

Rev. Stat. § 537.600(1-2). In addition, purchasing insurance covering the claims at issue can also waive immunity. Mo. Rev. Stat. § 537.600(1).

Plaintiff's Amended Complaint fails to allege negligent operation of a motor vehicle or dangerous condition of property, and it does not claim that there is an immunity waiver through liability insurance purchase. To establish such a waiver, a plaintiff must allege facts exhibiting an existing insurance policy which covers the claims at issue, and that no disclaimer would provide sovereign immunity. *Parish v. Novus Equities Co.*, 231 S.W. 3d 236, 246 (Mo. App. E.D. 2007) (internal citation omitted); *Bell v. Lincoln Cnty. R-IV Sch. Dist.*, No. 4:09-cv-1381, 2010 WL 1423073, *3 (E.D. MO. Apr. 9, 2010). No such facts have been alleged.

The Amended Complaint only alleges that "ABC Insurance Company," a fictitiously-named company, issued a policy to St. Louis Public School District, which is not a party here. ECF No. 27 at 3. The Amended Complaint fails to allege that a policy was issued to Defendant University City School District. A policy issued to St. Louis Public School District would not apply to University City School District, as they are separate entities.

As Plaintiff's pleaded facts fail to establish an exception or that the District waived its sovereign immunity through the purchase of liability insurance, the District is entitled to sovereign immunity with respect to Plaintiff's battery (Count III), negligence (Count IV), and indemnification (Count V) claims. The Court will accordingly grant Defendants' motion to dismiss Counts III, IV, and V against the District.

C. **Plaintiff's 42 U.S.C. § 1983 claims (Counts I and II) fail against both the District and Colquitt.**

The District is entitled to sovereign immunity against Plaintiff's Section 1983 claims. Sovereign immunity protects state entities from being subject to liability unless they consent.

6

*Hazelwood School District*, 491 S.W.3d at 633 (internal citation omitted). Section 1983 does not abrogate state sovereign immunity, and the State of Missouri has not waived sovereign immunity for Section 1983 claims. *Jones v. Dep't of Mental Health*, No. 4:24-cv-1657, 2025 WL 1219729, at *1 (E.D. Mo. April 28, 2025) (citing *Quern v. Jordan*, 440 U.S. 332, 340–41 (1979)). As the District is entitled to sovereign immunity, the Court will accordingly grant Defendants' motion to dismiss Counts I and II against the District.

Absent a finding that Colquitt's conduct violated a statutory or constitutional right that was clearly established when the act occurred, Colquitt is also protected under qualified immunity. *See Doe v. Aberdeen Sch. Dist.*, 42 F.4th 883, 890 (8th Cir. 2022). "Showing that a right was clearly established requires identifying controlling precedent with a close correspondence to the particulars of the present case." *Rusness v. Becker Cnty.*, 31 F.4th 606, 615 (8th Cir. 2022). Plaintiff's Amended Complaint consists of conclusory allegations that C.H.'s constitutional rights were violated by Colquitt's conduct. Yet Plaintiff has failed to identify any controlling precedent with a close correspondence to the facts of the alleged violation. Plaintiff cannot establish that Colquitt's actions were unlawful without such a showing. Accordingly, Colquitt is shielded by qualified immunity, and the Court will grant Defendants' motion to dismiss Counts I and II against Colquitt.

## D.  Plaintiff lacks standing to assert an indemnification claim (Count V).

The Court finds that Plaintiff fails to plausibly allege proper standing with respect to Count V's indemnification claim.. The right to an indemnification claim, if existent, belongs to the District and Colquitt. *See American Nat. Property and Cas. Co. v. Ensz & Jester, P.C.*, 358 S.W.3d 75, 81 (Mo. App. W.D. 2011) (stating that indemnity is "a right that inures to the person who has discharged a duty that is owed by him, but which, as between himself and another,

7

should have been discharged by the other, so that if the other does not reimburse the person, the other is unjustly enriched to [the] extent that his liability has been discharged.") (internal citation omitted). As Defendants have pointed out, the Amended Complaint does not state that Plaintiff should be reimbursed by the District or that the District should indemnify Plaintiff. Rather, Plaintiff only alleges that St. Louis Public School District and ABC Insurance Company are required to indemnify Colquitt. ECF No. 27 at 7. As Plaintiff fails to allege that she has the right of indemnity, she does not have proper standing here. Accordingly, the Court will grant Defendants' motion to dismiss Count V.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants University City School District and Derrick Colquitt's motion to dismiss [ECF No. 28] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice.

A separate judgment will accompany this Memorandum and Order.

Dated this 7th day of August, 2026.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**